IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEONTA LATRAVIN KELLY**                                                                  **PLAINTIFF**

**v.**                                                                    **No. 4:20CV88-RP**

**PELICIA E. HALL, ET AL.**                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1] The plaintiff alleges that defendant Corrections Officer Spencer used excessive force against him by shooting him in the face with a non-lethal round from a shotgun as he lay bound on the ground. For the reasons set forth below, defendants Commissioner Pelicia E. Hall, Commissioner Tommy Taylor, Superintendent Marshal Turner, and Deputy Warden Lee Simon will be dismissed with prejudice from this case for failure to

---

[1] 28 U.S.C. § 1915(g).

state a claim against them upon which relief could be granted. The plaintiff's claim against defendant Corrections Officer Spencer will, however, proceed.

## Allegations

On January 1, 2020, at the Mississippi State Penitentiary, Officer Spencer escorted plaintiff Deonta Latravin Kelly and other inmates to the exercise yard with their hands zip-tied behind their backs. The inmates were placed on the yard because of a disturbance on another zone in the unit. On the way to the yard, Officer Spencer shot inmate Aaron Moore. Warden Simon then told Officer Spencer and other officers to return the inmates to the zone, and they did. Once the inmates entered the zone, the officers placed them face down on the floor; the inmates' hands were still bound. Mr. Kelly's head was, however, directly over a pool of bloody water, so he lifted his head, rather than placing it on the floor, as ordered. Officer Spencer then stood over him and shot him in the face with a shotgun loaded with rubber pellets. The shot rendered Mr. Kelly unconscious, and he woke up in the van on the way to Unit 42 Hospital at Parchman. He sustained injuries requiring stitches to his face, head, and neck from the encounter.

### *Supervisor Liability*

The plaintiff's claims against defendants Commissioner Pelicia E. Hall, Commissioner Tommy Taylor, Superintendent Marshal Turner, and Deputy Warden Lee Simon must be dismissed, as the plaintiff made clear at his *Spears* hearing that he named them as defendants solely based on their roles as supervisors. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation

alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, the plaintiff does not allege that defendants Commissioner Pelicia E. Hall, Commissioner Tommy Taylor, Superintendent Marshal Turner, and Deputy Warden Lee Simon had any personal involvement or were causally connected to the incident in any way. As such, the plaintiff's claims against these defendants must be dismissed for failure to state a constitutional question. His claim of excessive force against defendant Corrections Officer Spencer will, however, proceed.

## Conclusion

For the reasons set forth above, the plaintiff's claims against defendants Hall, Taylor, Turner, and Simon must be dismissed for failure to state a constitutional question. His claim of excessive force against Corrections Officer Spencer will, however, proceed.

**SO ORDERED**, this, the 2nd day of February, 2021.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE